WILLIAM HAMILTON, Respondent, *v.* ENOS GANYARD, Appellant.

An agreement to deliver corn "in merchantable order," is to be construed as necessarily implying that the corn is to be of a *merchantable quality.*

ACTION in the Supreme Court to recover damages for the breach of a contract made by the defendant with the plaintiff's assignors, Smith and Mathews, of which the following is a copy: "$50. Received from Smith & Mathews, fifty dollars, on account of my crop of corn now growing on about thirty acres of ground, to be delivered to them in Rochester, in merchantable order, any time after the first day of January next, and before the first day of May next, at fifty cents per bushel of sixty pounds. Dated, Rochester, August 26, 1858. (Signed) Enos Ganyard." The breach alleged was a refusal to deliver the crop of corn or any part of it.

The answer admitted the contract, and alleged a tender of a part of the corn to Smith & Mathews, in good merchantable order, and an offer to deliver the balance and a refusal by them to accept.

The cause was tried at the Monroe Circuit, before Mr. Justice Knox and a jury. It was proved that on the 29th March, 1859, the defendant drew a load of corn to the office of Smith & Mathews, in Rochester, and offered to deliver it to them on the contract, and they declined to receive it, on the ground that it was not of merchantable quality or condition. The evidence on the part of the plaintiff tended to show that the corn was soft, damp and dirty, and was unmerchantable. The defendant's counsel stated that he did not claim that the corn was sound, but he gave evidence tending to show that it was dry and clean, and none of it was rotten, and that corn of that description is in merchantable order. It also appeared that no other corn was offered by defendant, and that about the 1st of May, 1859, plaintiff demanded the corn of defendant on the contract, and defend-

ant replied that he had nothing to do with plaintiff, and that he had offered one load of the corn and it was not received. Defendant had been previously notified of the assignment of the contract to the plaintiff.

It was also in evidence that the defendant's crop of corn embraced two or three pieces, one of about thirty acres and the others eight or ten acres, averaging thirty to forty bushels of shelled corn to the acre, of which one-quarter was sound and the rest was soft and of unmerchantable quality; and that on the 1st of May the market price of merchantable corn was from seventy-five to seventy-eight cents a bushel.

The judge charged the jury that, by the terms of the contract, the plaintiff was entitled to have the corn delivered in good merchantable order. He also charged that "merchantable order" meant that kind of corn which was called so in market, and did not mean soft corn, that soft corn was not good merchantable corn, and that plaintiff was not bound to receive any corn except such as is described as good merchantable corn. To part of the charge contained in the last sentence the defendant excepted.

The jury rendered a verdict for the plaintiff for $144.14. The judgment entered thereon was affirmed at General Term. (34 Barb. 204.)

The defendant has appealed to this court, and the case is submitted by the respondent alone on printed points.

*J. L. Angle*, for the respondent.

SMITH, J. The construction of the contract adopted at the Circuit is correct. The defendant agreed to deliver his then growing crop of corn, at a future day, in good merchantable order. The term "good merchantable order," as thus used, necessarily implies that the corn was to be of merchantable quality. In other words, the parties expressly bargained for a merchantable commodity. (See *Reed* v. *Randall*, 29 N. Y. 358.)

But if, as the defendant insisted in the court below, the terms used related merely to the condition of the corn, and

did not include its quality, then this implies an agreement that the corn bargained for should be of merchantable quality, as the contract was what is called executory. A contract of that nature always carries an obligation on the part of the vendor that the article to be delivered shall be, at least, saleable; at least of medium quality or goodness. (23 Wend. 350.) Such implication is not repelled or limited, in the present case, by the express stipulation that the corn should be in merchantable order, if, as is now assumed, that stipulation be held not to apply to the quality of the corn.

The single load of corn offered by the defendant was unmerchantable, and the plaintiff's assignors had a right to decline to receive it, as they did, on that ground. As the defendant subsequently declined to deliver the corn, because that load was not received, he was chargeable with a breach of the contract.

The measure of damages for such breach was the difference between the market value of the corn, at the time and place specified for its delivery, and the contract price, together with the sum paid by the purchaser, and interest thereon. That measure being applied, the evidence authorizes a recovery to the amount of the verdict.

The judgment should be affirmed.

Judgment affirmed.