BENJAMIN STONE, Respondent, *v.* ELI C. FROST, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, JANUARY, 1872.)

In an action to recover back money paid upon a contract between plaintiff and defendant for the sale and delivery of grape roots, on the ground that the contract was rescinded, the roots having turned out dead and worthless, it seems that evidence that an agent of the defendant, who made the contract and delivered the roots, requested the agent of the plaintiff, who received them, not to undo the wrappers in which they were inclosed, as the former was about to do for the purpose of examining them, as it was a cold night and he would not be responsible if they turned out not to be right, was admissible as a part of the *res gestæ* of the delivery and acceptance, and showing a good reason for the acceptance at the time and payment of the purchase-price, without examination in respect to the condition of the roots.

The fact as to whether a root or other vegetable substance is dead or not is matter of such common observation and experience that it does not require an expert to testify in regard to it, and the same may be said in regard to the question whether a dead grape root has any marketable or other value.

The roots being dead when delivered and of no value whatever, no necessity existed, it seems, for returning or offering to return them before bringing the action.

The plaintiff wrote to one who had acted as defendant's agent, in making the contract and delivering the roots, that the roots were dead and worthless, and requested him to come and take them away and pay back the money, or if he would not to lay the letter before defendant. Shortly

afterward defendant answered the letter acknowledging its receipt from his agent, and refused to comply with the request, insisting that the roots were in good condition.

*Held,* sufficient evidence from which the jury might have found a notice to defendant that the vines were worthless, and an offer to return them.

*Held,* also, as matter of law, that this letter and reply constituted sufficient notice to defendant, of the worthlessness of the roots and offer to return them, to sustain the action.

In February, 1866, the plaintiff and Cyrus E. Herrick each and at the same time purchased of the defendant 500 Catawba grape roots for thirty dollars, to be delivered at Penn Yan depot the next spring, payable on delivery. The roots were delivered and paid for both at the same time and place, about the 16th of April following. In each case the contracts were made by one Jones, as the agent of the defendant. Jones delivered the roots and received the pay for them. At the time of delivery they were tied up in small bundles of fifty each ; the small bundles were tied up in one large bundle, each man's bundle by itself, with moss and grass wrapped around the larger bundle for protection; and while in this condition the roots could not be seen or examined and were not then examined, for the reason that Jones objected to it.

On the 25th day of April, Herrick and Stone united in a joint letter to Jones, notifying him that the roots were dead and worthless, and requesting him to take them away and do what was right about it, but if he would not, they requested him to lay the letter before the defendant. Three days after, and on the 28th of April, the defendant acknowledged the receipt of the letter to Mr. Jones, and answered it as stated in the opinion.

In June following, Stone went to see Frost in relation to these roots, told him they were worthless and good for nothing, and demanded back the money paid for them, which was refused.

In November, Stone and Herrick went to see Frost, told him again the roots were worthless, and demanded back their money.

Frost insisted that the roots were all right when delivered, and refused to pay back the money. Afterward, and before the commencement of this action, Herrick assigned his claim to the plaintiff, and this action was brought to recover back the money paid on both contracts.

The case was tried upon the issue made between the parties and by the pleadings, namely : Whether the roots were in good condition when delivered, or were dead and utterly worthless and of no value. At the close of the plaintiff's testimony, the defendant's counsel moved for a nonsuit upon the following grounds, among others :

1st. There was no return or offer to return the vines in question to the defendant.

2d. The letter to Jones is insufficient to constitute a tender back of the vines to the defendant.

3d. The defendant was not bound by the offer contained in the letter to Jones.

The motion was denied and defendant excepted.

Exceptions were taken to certain rulings of the court in the admission of evidence, and to portions of the judge's charge which appear sufficiently in the opinion. After hearing the defendant's testimony, the cause was submitted to the jury under the charge of the judge, who found a verdict for the plaintiff for $72.84.

An application was made by the defendant for a new trial on a case at a Special Term held at Canandaigua on the 24th day of April, 1871, which was denied. Judgment was entered on the 6th day of April, 1871, against the defendant for $467.88 damages and costs, and the defendant appealed from the order of the Special Term and from the judgment.

*John J. Van Allen,* for the appellant.

*Morris Brown,* for the respondent.

Present—MULLIN P. J.; JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J. This is an appeal from an order at Special Term denying defendant's motion for a new trial

Stone *v.* Frost.

on a case and exceptions. The action was to recover back money paid by the plaintiff, on a contract between him and the defendant, on the ground that the same was rescinded. The first point made by the defendant's counsel is that the court erred in allowing the plaintiff to prove the declarations and directions given by the defendant's agent at the time the roots were delivered upon the contract.

Jones was the defendant's agent, who made the contract for the sale and delivery of the grape roots and who delivered them on the contract. At the time of the delivery the roots were done up in bundles and covered with wrappers.

The plaintiff's agent, to whom they were delivered, was about to undo the wrappers to examine the roots, when the defendant's agent requested plaintiff's agent not to do so, as it was a cold, windy night; and if they were opened he would not be responsible if they turned out not to be right, and directed plaintiff's agent what to do with them, and it should be made all right if the roots were not right.

I am of the opinion that this evidence was competent as part of the transaction of delivery and acceptance; and especially so, as the defendant claimed at the trial, and now claims, that the case is within the rule in *Reed* v. *Randall* (29 N. Y., 358), and the delivery and acceptance operated as a complete and perfect performance of the executory agreement on his part.

The directions in regard to the opening and examination at the time were part of the *res gestæ* of the delivery and acceptance. It shows a good reason for the acceptance at the time, and payment of the purchase-price, without examination in respect to the condition of the roots. But even if it was error to admit the evidence, it could not have injured the defendant, as it was, in effect, stricken out of the case, and the jury were directed to disregard it as wholly immaterial, and instructed that the plaintiff could not recover unless they should find from the evidence that the roots were entirely dead and worthless at the time they were delivered by the defendant and received by the plaintiff. Taken alto

gether, it is plainly to be seen that the first ruling, if errone-
ous, could not have prejudiced the defendant's case. (*Man-
deville* v. *Guernsey*, 51 Barb., 99.)

The exception to the testimony of one or two witnesses,
showing that the roots were dead when examined by them, is
not well taken. The objection is that they were not quali-
fied to testify on the subject. The fact as to whether a root
or other vegetable substance is dead or not is matter of such
common observation and experience that it does not require
an expert to testify in regard to it. The same may be said
in regard to the question whether a dead grape root has any
marketable or other value. On the question what had caused
the killing of the roots, the evidence was all given by persons
skilled in that matter, and was properly received. This evi-
dence was pertinent and material on the question whether
the roots were in fact dead when delivered by the defendant's
agent, as there was evidence tending to show that they could
not have been injured from that cause after they were
delivered. If there was evidence sufficient to go to the jury
on the question whether the roots were dead and entirely
worthless when delivered, as there clearly was, it was a
proper case to submit to a jury.

The defendant's counsel contends that unless the roots were
returned or offered to be returned to the defendant the action
cannot be maintained.

This depends upon the question whether the roots were of
any value whatever. The jury have found by their verdict
that the roots were dead when delivered, and of no value
whatever. They must have so found, because they were
expressly charged that unless they did find in that way their
verdict must be for the defendant. If they could have been
of no value to the defendant had they been returned, there
was no necessity of returning or offering to return before
bringing the action.

The idea on which the obligation to return, before action is
founded, is that the defendant should be placed in as favora-
ble condition as he was before delivery. If the thing delivered

can be of no value whatever to any one, the defendant is in as favorable a condition as he was when he delivered it, without any return or offer to return. It can scarcely be conceived that a dead grape root can be of any value to any one. But however this may be, the question as to whether there should have been a return, or an offer to return, was only raised on the motion for a nonsuit at the close of the plaintiff's evidence; and there was then evidence from which the jury might well have found, if it was a question of fact, that the plaintiff had given notice to the defendant that the vines were dead and worthless, and requested him to come and take them away and pay back the money.

It is true that the plaintiff's letter, containing this notice and request, was addressed to the defendant's agent, Jones, who made the contract and delivered the roots.

But this letter, three days after it was dated and sent, was answered by the defendant in person, in which he acknowledges having received their letter from his agent, and refuses in substance to comply with their request, and insists that the roots were in good condition when delivered. I am of the opinion, however, that, as matter of law, this was a sufficient offer and notice to the defendant under all the circumstances. He certainly accepted it as such, and acted upon it, and can scarcely now be heard to say that the offer and notice were to his agent, only and not to himself.

The motion for a nonsuit was therefore properly denied on that ground.

The question was not raised by the charge, and does not appear again in the case. The court charged the jury that if the roots, when delivered, were dead and entirely worthless, the plaintiffs were entitled to their verdict; otherwise their verdict should be for the defendant.

To this there was no exception by the defendant's counsel, and no request to charge otherwise.

The defendant's counsel did request the court to charge that, upon the whole evidence, the plaintiff was not entitled to recover, and excepted to the refusal so to charge; but that

request and exception does not raise any question in particular, but goes to the entire merits of the action. There is nothing in the exception to the refusal to charge that the plaintiff could not recover that portion of the demand assigned to him by Herrick. It was in fact assigned, as appeared by the written assignment, which was undisputed; and it was quite immaterial to the defendant what the consideration was which passed between the parties thereto.

The action here is not on the contract to recover damages as for a breach, but is founded upon a rescission of the contract, and is to recover back the money paid.

Upon the facts found by the jury the plaintiff had the clear right to rescind; and this right he exercised within a reasonable time, under all the circumstances; and the action to recover back the money paid is well brought.

The motion for a new trial was, therefore, properly denied, and the judgment and order must be affirmed.