against the defendant, and agreeing to act for the plaintiff without compensation, and that no charge or claim for counsel fees will be made, except such as would be awarded by the court. In the petition it is also stated that the order to show cause was asked for because the petitioner desired 10 days' additional time to furnish an undertaking in the event of the motion being denied or dismissed. On the return of the order to show cause, the motion was heard and granted.

The order appealed from should not have been granted. The application comes within what was decided in Weinstein v. Frank, 56 App. Div. 275, 67 N. Y. Supp. 746, where we held that it was not sufficient to show that a person does not own $100 in property to enable him to sue in forma pauperis, but that he is so situated that he would be unable to present his case to the court unless permission so to sue were given. This petitioner does not show that he cannot furnish security for costs. He merely states that he will be unable to prosecute his action unless he is allowed to sue in forma pauperis, and yet at the same time he says that if his motion is denied "he desires ten days' additional time in which to furnish" security for costs.

The order appealed from should be reversed, with $10 costs and disbursements, and motion denied. All concur.

(65 App. Div. 235.)

IDEAL WRENCH CO. v. GARVIN MACH. CO.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

1. SALES—AGREEMENT TO MANUFACTURE GOODS—REASONABLE TIME.

Where a contract made March 6, 1897, provided for the delivery of 10,000 bicycle wrenches within a reasonable time, and 2,000 were delivered by October 7, 1897, but no more had been delivered up to the commencement of the action, on July 16, 1898, the court would not be justified in deciding, as a matter of law, that a reasonable time for performance had not elapsed.

2. SAME—PAYMENT IN ADVANCE—DAMAGES.

Where plaintiff deposited $500 to apply upon the last payment for goods agreed to be manufactured and delivered in installments, and certain installments were delivered and paid for, plaintiff, on breach of the contract, was damaged at least to the extent of the $500 deposited.

3. SAME—SALE BY SAMPLE.

Where defendant agreed to manufacture bicycle wrenches after the model submitted by plaintiff, and that such wrenches should be made in a first-class manner, and in every way equal to the model submitted, the sale was by sample, and plaintiff was entitled to damages for wrenches not equal to the model.

4. SAME—MEASURE OF DAMAGES.

Where defendant agreed to manufacture articles of a certain standard of excellence for plaintiff, who returned a part of the goods after paying for them, because defective, the measure of his damage was the price received by defendant.

5. SAME—ACCEPTANCE OF INFERIOR ARTICLES—RECOVERY.

Where defendant agreed to manufacture articles of a certain quality for plaintiff, who accepted and paid for articles of inferior quality, he was entitled to damages equal to the difference between the value of the articles if they had been as warranted and their actual value in their defective condition; and, in the absence of evidence as to such value, no recovery can be had.

Appeal from trial term, New York county.

Action by the Ideal Wrench Company against the Garvin Machine Company. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Sumner B. Stiles, for appellant.

Arthur J. Baldwin, for respondent.

LAUGHLIN, J. The action is brought to recover damages for breach of a contract made between defendant and Walter S. Stokes, who assigned his interest in the contract and claim for damages thereunder to plaintiff. The contract was in writing, and bears date the 6th day of March, 1897. The defendant therein agreed to manufacture for Stokes 10,000 bicycle wrenches, and deliver the same to him "within reasonable time, and in quantities to suit." The wrenches were to be made according to a model to be furnished by Stokes, and were to be "made in a first-class manner, in every way equal to that of the model submitted." Stokes was to pay $1,500 for the tools' necessary for making the wrenches, and was to pay to defendant $500 at the time of signing the contract, which was to apply on the last payment for wrenches to be delivered under the contract. Seventy-five hundred of the wrenches were to be finished in blue, and 2,500 in nickel; and the defendant was to receive therefor 50 and 75 cents each, respectively, within 30 days after delivery. Upon the trial plaintiff gave evidence tending to show that Stokes fulfilled his contract, by delivering $500 to the defendant to apply as a last payment, by delivering the model, and by paying the $1,500 for tools; that he paid for all the wrenches delivered under the contract, which aggregated about 2,000; that not 1 in 4 of the wrenches so delivered corresponded with the model, in that the sleeve was about a third smaller in thickness than the model, rendering the wrenches weak and unserviceable; that the first delivery was on May 22, 1897, consisting of 1 wrench only, and 9 were delivered that month, 445 were delivered in June, none in July, 513 in August, 500 in September, and 500 on October 7, 1897; that Stokes about this time rejected 500 wrenches which were deficient in the size and strength of the sleeve, and that defendant thereafter failed to tender the delivery of any further wrenches in compliance with its contract; and that many of the wrenches accepted by Stokes without knowledge of their being thus deficient were subsequently rejected and returned by him to defendant. The action was not commenced until the 16th day of July, 1898.

In this state of the evidence the court would not be warranted in deciding, as matter of law, that a reasonable time had not elapsed for defendant to perform. The most that defendant would be entitled to would be to have that question submitted to the jury. It is not necessary to determine now whether the court should have decided, as matter of law, that the defendant was guilty of a breach of contract, for it offered no evidence. It is only proper to determine whether the plaintiff made a prima facie case for submission

to the jury. It is argued with much earnestness that plaintiff failed to show any damage, even if it succeeded in showing a breach of contract. We do not agree with this contention. On the evidence presented, the plaintiff was clearly entitled to recover as damages the $500 deposited with the defendant, which was to be applied on the final payment. It will be remembered that all wrenches delivered were paid for, in addition to this payment of the $500. This record contains evidence that the defendant, after delivering and being paid for about 2,000 wrenches, failed to perform its contract. This constituted a breach of contract, which, in the absence of all other proof of damages, authorized the recovery of the $500 as damages. The jury would have the right to infer that, if the wrenches had been manufactured and delivered according to contract, they would have been worth at least the sum Stokes agreed to pay therefor; and, if that amount only was their value, plaintiff's damages would clearly be the $500. Todd v. Gamble, 148 N. Y. 382, 42 N. E. 982, 52 L. R. A. 225; Booth v. Rolling Mill Co., 60 N. Y. 487; Benj. Sales (3d Am. Ed.) 900; Hamilton v. Ganyard, 34 Barb. 204, 3 Keyes, 45. After such breach of the contract on its part, no consideration remained upon which the defendant could hold these moneys. It had failed to perform the contract, by the performance of which alone it would be entitled to retain them.

We are also of opinion that there was other evidence of damages for the consideration of the jury. The facts were not brought out pointedly by the testimony, but the fair inference is that at one time 29 of the wrenches accepted and paid for by Stokes were returned to the defendant on account of defects which rendered them unmerchantable and worthless, and that other wrenches were returned from time to time for the same reason.

As we view the contract, the sale was by sample, and there was a warranty that the wrenches would substantially conform to the sample, and this warranty survived acceptance. Zabriskie v. Railroad Co., 131 N. Y. 72, 29 N. E. 1006; Brigg v. Hilton, 99 N. Y. 517, 3 N. E. 51, 52 Am. Rep. 63. It would seem that the plaintiff would be entitled to recover as damages the purchase price of these wrenches. There being no other evidence, the jury would have a right to say that the wrenches thus returned, had they corresponded with the sample, would have been worth the price the defendant was to receive therefor. Todd v. Gamble, supra. There was not sufficient evidence to go to the jury on the damages sustained on account of the wrenches delivered, accepted, and retained, for there was no evidence of their value in their defective condition. The rule of damages in such case would be the difference between the value of the wrenches if they had been as warranted and their actual value in their defective condition, and such special damages as might be properly pleaded and proved. Brigg v. Hilton, 99 N. Y. 517, 3 N. E. 51, 52 Am. Rep. 63; Bruce v. Horse Co., 47 App. Div. 273, 62 N. Y. Supp. 96.

It follows that the plaintiff was improperly nonsuited, and the judgment must be reversed, and new trial ordered, with costs to appellant to abide the event. All concur; PATTERSON, J., in result.