DAVID M. GILBERT, Respondent, *v.* LEE T. ALTON and NORTHERN LIGHT COMPANY, Appellants.

*Sale of chattels — acceptance of part and rejection of the remainder — proof of an offer to return such remainder — measure of damages.*

The acceptance by a person, who has purchased and paid for a large number of chattels, of a portion of such chattels does not preclude him from rejecting the remainder of the chattels on the ground that they do not conform to the requirements of the contract and from recovering damages from the vendor for a breach thereof.

Evidence that, shortly after the delivery to the vendee of the chattels in question, the latter wrote several letters of rejection to the vendor with the statement that the chattels were held at the vendor's risk and subject to his order, is sufficient to establish an offer to return the chattels.

In such a case the measure of damages is the contract price, agreed upon between the parties, of the rejected chattels.

APPEAL by the defendants, Lee T. Alton and another, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the plaintiff, entered on the 27th day of May, 1903.

*Charles L. Hoffman*, for the appellants.

*Henry B. Corey*, for the respondent.

JENKS, J.:

This is an action by buyer for a breach of the contract of sale, in that a part of the chattels sold did not conform to the contract. The consideration has been paid and the buyer has

accepted a large number of the chattels delivered under the contract. The learned counsel for the appellant insists that the plaintiff, having failed to return, or to offer to return, the merchandise delivered, cannot recover. But there is evidence which warrants a finding that the plaintiff did this. He testifies that he declined to receipt for the goods, and told the defendant's bookkeeper, who brought the goods to him, that he would not receive them, at the same time signing a receipt for certain other goods which were acceptable. The plaintiff also testifies that he wrote several letters of rejection shortly after the alleged delivery, with the statement that the goods were held at defendant's risk and subject to his order. I think this was sufficient evidence of an offer to return the goods. (*Stone* v. *Frost*, 6 Lans. 440; affd., 61 N. Y. 614.)

It is further contended that plaintiff elected to retain part of the goods, and, therefore, cannot recover damages for the part returned. This is not the theory of the plaintiff. It must be borne in mind that the plaintiff does not attempt to rescind the contract *in toto*, as he has accepted a large number of the chattels. He sues for a breach, in that a part of them, which he contends he rejected, do not conform to the requirements thereof. The partial acceptance by the vendee does not excuse the vendor for the non-fulfillment of his contract as to the chattels in dispute, but he may be held liable in damages therefor. (*Kipp* v. *Meyer*, 5 Hun, 111; *Sorg Co.* v. *Crouse*, 88 id. 246, 250; *Manning* v. *Humphreys*, 3 E. D. Smith, 218; *McKnight* v. *Devlin*, 52 N. Y. 399.) I do not read *Mason* v. *Smith* (130 N. Y. 474), cited by the learned counsel for the respondent, as opposed to this doctrine. That was an action for the contract price by the seller, wherein a part of the goods had been returned, and the court, referring to the rest of the goods, say : " If the defendants had not desired to keep the other goods, they should have then rescinded the contract and either returned or offered to return them, and in failing to do this they must be deemed to have elected to retain them under the contract."

The plaintiff pleads, and the defendant admits, that he has paid the consideration for the contract. And there is evidence which justified the court in the conclusion that the sums set opposite the items were the contract prices agreed upon between the parties. I think, therefore, that the court was justified in fixing the damage at

this sum. (*Ideal Wrench Co.* v. *Garvin Machine Co.*, 65 App. Div. 235, and authorities cited.)

The judgment should be affirmed, with costs.

GOODRICH, P. J., BARTLETT, WOODWARD and HOOKER, JJ., concurred.

Judgment of the Municipal Court affirmed, with costs.