### GILBERT v. ALTON et al.

(Supreme Court, Appellate Division, Second Department. November 20, 1903.)

1 SALES—RESCISSION BY BUYER—RETURN OF GOODS—SUFFICIENCY OF EVIDENCE.
    In an action by a buyer for a breach of a contract of sale in that a part of the goods did not conform thereto, plaintiff's evidence that he declined to receipt for them, and told defendant's bookkeeper, who brought the goods, that he would not receive them, at the same time signing a receipt for other goods which were acceptable, and that he wrote several letters of rejection, shortly after the alleged delivery, with the statement that the goods were held at defendant's risk and subject to his order, warrants a finding that plaintiff offered to return the goods.

2. SAME—PARTIAL ACCEPTANCE—EFFECT.
    The fact that a buyer accepts that portion of the goods sold which conforms to the contract does not preclude him from claiming damages for the failure of the rest of the goods to conform thereto.

Appeal from Municipal Court, Borough of Brooklyn, First District.
Action by David M. Gilbert against Lee T. Alton and another. From a judgment for plaintiff, defendants appeal. Affirmed.
Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Charles L. Hoffman, for appellants.
Henry B. Corey, for respondent.

JENKS, J. This is an action by buyer against seller for a breach of the contract of sale in that a part of the chattels sold did not conform to the contract. The consideration has been paid, and the buyer has accepted a large number of the chattels delivered under the contract. The learned counsel for the appellant insists that the plaintiff, having failed to return or to offer to return the merchandise delivered, cannot recover. But there is evidence which warrants a finding that the plaintiff did this. He testified that he declined to receipt for them, and told the defendant's bookkeeper, who brought the goods to him, that he would not receive them, at the same time signing a receipt for certain other goods which were acceptable. The plaintiff also

testifies that he wrote several letters of rejection, shortly after the alleged delivery, with the statement that the goods were held at defendant's risk and subject to his order. I think this was sufficient evidence of an offer to return the goods. Stone v. Frost, 6 Lans. 440, affirmed 61 N. Y. 614.

It is further contended that plaintiff elected to retain part of the goods, and therefore cannot recover damages for the part retained. This is not the theory of the plaintiff. It must be borne in mind that the plaintiff does not attempt to rescind the contract in toto, as he has accepted a large number of the chattels, and he sues for a breach in that a part of them, which he contends he rejected, do not conform to the requirements thereof. The partial acceptance by the vendee does not excuse the vendor for the nonfulfillment of his contract as to the chattels in dispute, but he may be held liable in damages therefor. Kipp v. Meyer, 5 Hun, 111; Sorg Co. v. Crouse, 88 Hun, 246, 250, 34 N. Y. Supp. 741; Manning v. Humphreys, 3 E. D. Smith, 218; McKnight v. Devlin, 52 N. Y. 399, 11 Am. Rep. 715. I do not read Mason v. Smith, 130 N. Y. 474, 29 N. E. 749, cited by the learned counsel for the respondent, as opposed to this doctrine. That was an action for the contract price by the seller, wherein a part of the goods had been returned, and the court, referring to the rest of the goods, say: "If the defendants had not desired to keep the other goods, they should have then rescinded the contract, and either returned or offered to return them, and in failing to do this they must be deemed to have elected to retain them under the contract."

The plaintiff pleads, and the defendant admits, that he has paid the consideration for the contract. And there is evidence which justified the court in the conclusion that the sums set opposite the items were the contract prices agreed upon between the parties. I think, therefore, that the court was justified in fixing the damage at this sum. Ideal Wrench Company v. Garvin Machine Company, 65 App. Div. 235, 72 N. Y. Supp. 662, and authorities cited.

The judgment should be affirmed, with costs. All concur.