(116 App. Div. 874)

STAIGER v. SOHT et al.

(Supreme Court, Appellate Division, Second Department. January 25, 1907.)

1. SALES—WARRANTIES—ACTIONS.

Mere words of description in an executory contract of sale do not amount to a warranty. and for a variance between the article delivered and the one described the remedy is for breach of the contract, which does not survive acceptance of the goods, where the defects are patent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 730, 458–464.]

2. SAME.
>    The warranties which the law implies as exceptions to the rule of "caveat emptor" do not survive acceptance of the goods, where the defects are patent.
>    [Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 818.]

3. SAME.
>    An action for breach of an express warranty in an executed or executory sale is not defeated by the retention of the goods after opportunity for inspection, or after knowledge of defects therein.
>    [Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 818.]

4. SAME.
>    A warranty accompanying an executory sale of goods by sample, though there are no express words of warranty, survives an acceptance by the buyer of the goods, though the defects therein are discoverable on inspection.
>    [Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 818.]

Appeal from Trial Term, Kings County.

Action by Christopher Staiger against Carl Soht and another. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendants appeal. Judgment and order affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Henry W. Rudd (McCready Sykes, on brief), for appellants.
Henry Hoelljes, for respondent.

MILLER, J. The defendants appeal from a judgment entered on the verdict of a jury in an action brought to recover damages for breach of warranty. The facts are practically undisputed, and the only question requiring consideration is that raised by the defendants' motion to dismiss the complaint, to wit: Does the warranty accompanying an executory sale of goods by sample, where there are no express words of warranty, survive acceptance by the vendee, if the defects complained of were discoverable upon inspection?

While there may be no single case in this state in which all of the elements embraced in said question are found, the principles which must control our decision are no longer open to discussion. The case of Henry & Co. v. Talcott, 175 N. Y. 385, 67 N. E. 617, is on all fours with the case at bar in respect of the manner of the sale. In that case, as in this, the sale was by correspondence after samples had been sent the vendee, and the order and its confirmation simply referred to the number of the sample. That case decided that the order, its confirmation, and the surrounding circumstances presented a question of fact whether the parties intended the transaction to be a sale by sample, or whether the sample was intended only as a substitute for mere words of description. Judge Vann, speaking for the court, said that, if the sale was by sample, the warranty was express, "the affirmation being made by the sample itself silently asserting the equality of the bulk it represents," and that the vendee had two remedies in case the goods were not equal to the sample—either to reject them or to accept and sue for damages upon the warranty. I should be content to rest the decision of this case upon the authority of that, without further discussion, were it not for the fact that it did not appear in that case

whether the defects were latent or patent, or could be discovered on inspection, evidence upon the point having been excluded by the trial court, and it may be argued from the concluding paragraph of the opinion that the court intended to leave open the question respecting the effect of acceptance in the case of patent defects; and as the learned counsel for the appellants has earnestly insisted that such warranty does not survive acceptance in the case of defects discernible on inspection, and has quoted many expressions of the Court of Appeals in support of his contention, I will undertake briefly to summarize the decisions in this state leading up to the case cited supra.

The first exception to the maxim of the common law, "caveat emptor," recognized in this state, was the case of sale by sample, and the earlier decisions were to the effect that on a sale by sample there was an implied warranty that the bulk was equal to or of the same quality as the sample. Oneida Mfg. Society v. Lawrence, 4 Cow. 440; Andrews v. Kneeland, 6 Cow. 354; Gallagher v. Waring, 9 Wend. 20; Beebee v. Robert, 12 Wend. 413, 27 Am. Dec. 132; Waring v. Mason, 18 Wend. 425; Sands v. Taylor, 5 Johns. 395, 4 Am. Dec. 374; Moses v. Mead, 1 Denio, 378, 43 Am. Dec. 676. The ruling of the first four cases cited is criticised in the case of Hargous v. Stone, 5 N. Y. 73. In that case it was held that there was no sale by sample, and that, if there were, the sample was to be regarded as a fair specimen of the goods sold; but the opinion of the court seems to assume that the doctrine only applied in cases where there was no opportunity of inspection, and that such a warranty would not survive acceptance, if the defects were discoverable. But at the same term of the court Beirne v. Dord, 5 N. Y. 95, 55 Am. Dec. 321, was decided. In that case Jewett, J., writing for the court, referred to said cases as settling the law upon the subject, and said that a sale by sample could be made whether an examination was practicable or not; and Gardner, J., writing a concurring opinion, said that such a sale amounted to an express warranty, citing Beebee v. Robert, supra, and Bradford v. Manly, 13 Mass. 139, 7 Am. Dec. 122. It was early recognized as the rule that, in case of an express warranty accompanying an executed sale, the vendee was not bound to return the article upon the discovery of the breach, and it was assumed that he was not even permitted to do so in the absence of fraud; his remedy being limited to an action on the contract. Voorhees v. Earl, 2 Hill, 288, 38 Am. Dec. 588; Cary v. Gruman, 4 Hill, 625, 40 Am. Dec. 299.

Muller v. Eno, 14 N. Y. 597, was a case of an executed sale by sample, with warranty that the goods sold corresponded with the sample, and it was held that, whether the right to rescind the sale and return the goods existed or not in the special case of a sale by sample, the claim for damages for breach of warranty was not barred by continued possession of the property or by using or selling it. In discussing that question, Judge Comstock referred to the doubt whether, in case of an express warranty, but in the absence of fraud or any agreement for the return of the goods, the vendee could rescind the sale, and doubted whether any distinction could be maintained between such a case and an implied warranty arising from a sale by sample. The English cases cited by him in reference to such attempted dis-

tinction all held that, whether the right to rescind the contract exists or has been lost by too long retention of the property, the vendee has an action for breach of warranty. That case was followed in Rust v. Eckler, 41 N. Y. 488, although the question of sale by sample was not involved.

In the case of Reed v. Randall, 29 N. Y. 358, 86 Am. Dec. 305, it was held that in the case of executory contracts for the sale and delivery of personal property the remedy of the vendee to recover damages on the ground that the article furnished does not correspond with the article agreed to be furnished does not survive the acceptance of the property. In that case the court divided on the proposition whether the words used amounted to a warranty; but it was held by a majority of the court that they were descriptive merely of the article agreed to be sold, the failure to deliver which constituted a breach of the contract of sale, and that by accepting the article the vendee consented that it was what he purchased. It is believed that that case points out the only rational distinction that can be made between cases in which the action for damages will survive acceptance and those in which the action is barred by acceptance. In other words, the question whether the parties intend that there shall be a warranty accompanying delivery and surviving acceptance turns upon the interpretation of the contract. In one case, the vendee may rely upon the warranty; in the other, he must ascertain whether the article delivered corresponds with the description. Upon the point decided by Reed v. Randall the following decisions turned: McCormick v. Sarson, 45 N. Y. 265, 6 Am. Rep. 80; Gaylord Mfg. Co. v. Allen, 53 N. Y. 515; Coplay Iron Co. v. Pope, 108 N. Y. 232, 15 N. E. 335; Studer v. Bleistein, 115 N. Y. 316, 22 N. E. 243, 5 L. R. A. 702; Pierson v. Crooks, 115 N. Y. 539, 22 N. E. 349, 12 Am. St. Rep. 831.

In Foot v. Bentley, 44 N. Y. 166, 4 Am. Rep. 652, it was held that, on a sale of goods by sample with warranty, the warranty survived acceptance; but it seems that that case was decided upon the point that the transaction amounted to an executed sale with warranty. Day v. Pool, 52 N. Y. 416, 11 Am. Rep. 719, seems to be the earliest controlling authority in this state applying the doctrine of warranties accompanying executed sales to executory contracts of sale with warranty. By a divided court precisely the same rules were held to apply to both cases. That case was followed in Parks v. Morris Ax & Tool Co., 54 N. Y. 586, Dounce v. Dow, 57 N. Y. 16, and Gurney v. A. & G. W. R. Co., 58 N. Y. 358, although in the latter case Church, C. J., doubted the soundness of the doctrine. In the Gurney Case the question of sale by sample was incidentally discussed, and it was said that the sale was not strictly by sample, as the goods were not in esse, but that the warranty accompanying such sale was express, not implied. In each of the cases last cited supra it was assumed that, had the defects been patent, the express warranty would not have survived acceptance; but that point was not involved.

Briggs v. Hilton, 99 N. Y. 517, 3 N. E. 51, 52 Am. Rep. 63, like the case last cited supra, was not strictly a technical sale by sample, as the goods were not in esse; but it had all the other elements of such sale with warranty. The defects were discoverable upon inspection,

and it was held that the retention and use of the goods after opportunity for inspection and knowledge of the defects did not bar an action on the warranty. That case was precisely like the case of Muller v. Eno, supra, except that the latter case was a sale in præsenti of specified articles. Briggs v. Hilton, supra, was followed in Kent v. Friedman, 101 N. Y. 616, 3 N. E. 905, and Zabriskie v. C. V. R. R. Co., 131 N. Y. 72, 29 N. E. 1006; the former being a case of an executory sale by sample with warranty, and the latter an executory sale with warranty, referring to a known and ascertainable standard, which the court held was equivalent to.a sale by sample. In the latter case the claim was made that there was no warranty and that the acceptance of the goods was a bar to any claim.for breach of the contract; but in the. opinion, written by the learned judge who. wrote in Studer v. Bleistein, supra, it was stated that there were two answers to this contention, viz.: First, that the defects complained of were not discernible on inspection; second, that there was an express warranty—and the cases of Coplay Iron Co. v. Pope, Studer v. Bleistein, and Pierson v. Crooks, supra, were distinguished by the fact that said cases involved executory sales by the manufacturer of goods of a particular description, and it was said that if no warranty attended such sales, and if the defects were discoverable upon inspection, the vendee was precluded from recovering damages by acceptance. It will be noticed, by reference to the opinions of the learned judges who wrote in each of the cases last above referred to, that each was careful to limit the rule declared to cases where there was no collateral warranty.

The principle declared by these cases was applied in Carleton v. Lombard, etc., Co., 149 N. Y. 137, 43 N. E. 422, and Bierman v. City Mills Co., 151 N. Y. 482, 45 N. E. 856, 37 L. R. A. 799, 56 Am. St. Rep. 635, in each of which it was held that the implied warranty, on an executory sale of goods by a manufacturer, that they were merchantable and free from latent defects caused by the process used in manufacture, survived the acceptance of the goods. In neither case was an express warranty involved. In Smith v. Coe, 170 N. Y. 162, 63 N. E. 57, the defendant undertook to counterclaim damages for a breach of warranty in an action brought to recover the purchase price of the goods sold and claimed a sale by sample. The vendor was the manufacturer. Judge O'Brien, speaking for the entire court, discussed the distinction between a breach of contract on the delivery of goods which did not answer the description in the executory contract, and breach of warranty collateral to the contract of sale, and pointed out that in the one case the, action did not survive acceptance, while in the other it did, and that, as there was no claim of latent defects which would have brought the case within the rule declared by the cases last cited supra, the defense depended entirely upon whether the sale was by sample. The ruling of that case was that the transaction was not a sale by sample, but a contract to manufacture according to orders and specifications calling for a different article than the one. exhibited.

I deduce from the foregoing that the following propositions are authoritatively settled in this state, viz.: That mere words of description in an executory contract of sale do not amount to a warranty, and that for a variance between the article delivered and the article described

the remedy is for breach of the contract of sale, and does not survive acceptance of the goods where the defects are patent. Likewise, that warranties which the law implies as exceptions to the rule of "caveat emptor" do not survive acceptance where the defects are patent; but that, in the case of express warranties, whether the sale be executed or executory, retention of the goods after opportunity for inspection, or even after knowledge of the defects, does not bar an action for breach of warranty. This proposition being established, the ruling in Henry v. Talcott, supra, to the effect that a sale by sample amounts to an express warranty, even without express words of affirmation, is decisive of this case. The evidence presented a question of fact whether the parties intended a sale by sample. This question was presented to the jury by a charge in which the appellants must be deemed to have acquiesced, because they made no requests and took no exceptions.

It follows that the judgment and order should be affirmed, with costs. All concur.