## LEVY v. KORNREICH.

(Supreme Court, Appellate Term.  February 24, 1910.)

1. SALES (§ 261*)—WARRANTIES—STATEMENTS CONSTITUTING.

Where plaintiff purchased a sideboard from defendant, requesting that it be in good condition, to which the defendant replied, "I will send you a good sideboard," the words used by defendant were merely descriptive of the article, and did not constitute a warranty.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 730; Dec. Dig. § 261.*]

2. SALES (§ 405*)—BREACH OF CONTRACT—RIGHT OF ACTION.

In the absence of a warranty, where the article delivered was different than the article purchased, the purchaser's remedy was an action for breach of the contract of sale.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 405.*]

3. SALES (§ 179*)—BREACH OF CONTRACT—RIGHT OF ACTION.

Where the defects in an article purchased were patent, the right of action for breach of the contract of sale did not survive the acceptance of the article.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 460; Dec. Dig. § 179.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Rae Levy against Jacob Kornreich.  From a judgment for plaintiff, defendant appeals.  Reversed, and new trial ordered.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Philip Goldfarb, for appellant.

Sigmund Feinblatt, for respondent.

SEABURY, J.  The plaintiff sues to recover damages for the breach of an alleged warranty.  The plaintiff purchased from the defendant a sideboard at the agreed price of $40.  After indicating the style of sideboard desired, the plaintiff said: "I would like to have the sideboard in good condition."  The defendant replied: "I will send you a good sideboard."  The sideboard was delivered in a defective condition.  The defects were open and obvious.

Although the plaintiff complained of the defects he retained possession of the sideboard, and made no offer to return it.  The words used by the defendant in selling the sideboard were descriptive merely of the article agreed to be sold, and did not constitute a warranty.  If the article delivered was different from the article contracted for, the plaintiff's remedy was for breach of the contract of sale.  The defects being patent, this remedy did not survive the acceptance of the article.  Staiger v. Soht, 116 App. Div. 874; 102 N. Y. Supp. 342.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.  All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes