LARROWE MILLING CO. v. LYONS BEET SUGAR REFINING CO.

(Supreme Court, Appellate Division, First Department. April 15, 1910.)

1. SALES (§ 434*)—PLEADING (§ 369*)—SALE BY SAMPLE—SALE AND RETURN—SUFFICIENCY OF COMPLAINT.

Where a complaint sets forth, and the evidence establishes, a complete case of a sale by sample, breach of implied warranty, and damages, that plaintiff inserted into his complaint a letter written by defendant promising to receive back the goods not found to be up to sample, after plaintiff had complained about the quality, would not change the complaint to one alleging a sale and return, under which the complaint could be dismissed on failure to prove a return, but at most it would be a complaint in a double aspect, under which defendant could have moved for an election.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1234–1238; Dec. Dig. § 434;* Pleading, Cent. Dig. §§ 1199–1209; Dec. Dig. § 369.*]

2. SALES (§ 260*)—SALE BY SAMPLE—WARRANTY.

On a sale by sample, there is an express warranty by the seller that the bulk of the goods will be equal in kind and quality with the sample.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 260.*]

3. SALES (§ 429*)—SALE BY SAMPLE—BREACH OF WARRANTY—RETURN.

On a sale by sample, retention of the goods after inspection, or even after knowledge of defects, will not bar an action for breach of warranty.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1227; Dec. Dig. § 429.*]

4. SALES (§ 425*)—SALE BY SAMPLE—BREACH OF WARRANTY—OPTION OF PURCHASER.

A purchaser of goods by sample has the option when the goods prove unequal to the sample to return them or offer to return them, and sue for the price already paid, or to keep them and sue for his damages for the breach of warranty.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1207, 1208; Dec. Dig. § 425.*]

5. SALES (§ 429*)—SALE BY SAMPLE—BREACH OF WARRANTY—RETURN.

On a sale by sample, the buyer does not bar his right to recover for breach of warranty by sorting out the goods not coming up to the sample, and returning that part only, where his intention was to reduce damages.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1227; Dec. Dig. § 429.*]

6. SALES (§ 287*)—RETURN OF GOODS—COST OF RETURN.

A seller purchasing goods by sample is not in duty bound to return the rejected goods at his own cost. It is sufficient to offer to return them.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 287.*]

7. SALES (§ 440*)—BREACH OF WARRANTY—ADMISSIBILITY OF EVIDENCE.

In an action for breach of warranty in a sale of goods by sample, a letter written by a purchaser from the seller as to the poor quality of the goods is admissible as evidence of rejection, though inadmissible as to the quality.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 440.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, New York County.

Action by the Larrowe Milling Company against the Lyons Beet Sugar Refining Company. From an order setting aside a verdict for plaintiff and dismissing the complaint, and from judgment thereupon entered, plaintiff appeals. Reversed and judgment directed for plaintiff on the verdict.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Henry Wetherhorn, for appellant.
Richard A. Irving, for respondent.

SCOTT, J. This is an action for damages for the breach of an express warranty. The defendant was a manufacturer of beet sugar, and prior to February, 1907, had sold to plaintiff, under the name of beet sugar pulp, the residuum of the beets after the sugar had been extracted. This was in use as a food for cattle, and plaintiff resold it for that purpose. In February, 1907, defendant wrote to plaintiff that it had been obliged to discontinue sugar making, and could not therefore fill the balance of plaintiff's order for beet pulp. It stated that it had begun to slice the beets without having extracted the sugar from them. This came to be called "dried beets," and differed from beet pulp, in that it contained the natural sugar. The plaintiff was reluctant to purchase the dried beets, fearing that it might find difficulty in marketing them, but defendant was very insistent and finally plaintiff agreed to purchase. Prior to the purchase, defendant sent on samples which plaintiff sent to possible consumers. There is no doubt that these samples were furnished for the purpose of inducing a sale of the dried beets, and that plaintiff and those to whom it resold the article purchased in reliance upon such sample. The plaintiff finally succeeded in finding a purchaser in the person of one L. R. Wallace, a merchant of Middletown, N. Y., to whom a sample of the feed had been sent. Plaintiff thereupon purchased from defendant the dried beets, paying therefor $3,333.92, and ordered them shipped to Wallace. When received, the bulk of the feed was found to be not only unfit for the purpose for which it was intended, but quite inferior to the samples which had been furnished. Plaintiff made the best disposition it could of the feed, suffering a loss in the transaction, which is represented by the verdict which was rendered in its favor. The court submitted certain specific questions to the jury, and also directed that a general verdict be rendered. Upon the specific questions the jury found as follows: (1) That the parties agreed to a sale by sample. (2) That the goods delivered were not equal in quality to the samples submitted. (3) That the plaintiff in buying said goods relied upon their being up to sample. (4) If there was a sale by sample, it was not superseded by an agreement to return and refund for the defective material, if any. (5) That the plaintiff offered to return the goods claimed to be defective.

The jury also found a general verdict in favor of the plaintiff for $1,459.91. All of these special findings were amply sustained by the evidence and justified the general verdict. The court, however, set

aside the verdict, and granted a reserved motion to dismiss the complaint. The order dismissing the complaint does not state the ground upon which it proceeded, but it appears from a short opinion filed by the justice presiding that in his opinion the contract proved did not admit of a recovery except on the theory of "sale and return," and that there was no proof of a failure or refusal of defendant to take back the goods and repay the purchase price; and it is upon this view of the contract between the parties that the respondent now attempts to sustain the judgment. The basis for this view is found in the form of the complaint and in a certain letter received in evidence. The complaint contained all the necessary allegations to set out a sale by sample and consequent warranty of quality, breach of warranty, and damages. The pleader interjected into the complaint the following paragraphs:

"Seventh. That before the delivery of all of the goods so shipped, in consideration that the plaintiff should endeavor to make further sales of the said material and induce its customers to accept and receive the same, the said L. R. Wallace having expressed dissatisfaction with said material and refused to accept certain of said shipments, of which the defendant was duly notified, and of other good and valuable considerations, the said defendant agreed with the plaintiff that, if any of the plaintiff's said customers should refuse to accept any of said material and should reject the same, it, the said defendant, would take the same back and refund to the plaintiff the price paid by the plaintiff therefor, whereupon the plaintiff, relying upon the said agreement, did exert itself to procure other sales of said material, and to induce its customers, and among them the said L. R. Wallace, to accept the same.

"Eighth. That the material so shipped by the defendant to the plaintiff's customers, among whom was the said L. R. Wallace, pursuant to the orders aforesaid, was shipped directly from the defendant to the plaintiff's said customers without knowledge on the part of the plaintiff of its real condition, and that the same was not like and did not correspond to the said samples which the defendant had forwarded to the plaintiff as aforesaid, and was inferior in quality and otherwise thereto; that said material was inedible and unpalatable to stock, and was not a fit food for stock, and was vastly inferior in quality and otherwise to the article generally in use for such purpose and known as 'dried beet pulp'; that one of the plaintiff's customers, the said L. R. Wallace, refused to accept or pay for a large part thereof, of all of which the defendant was duly notified by the plaintiff.

"Ninth. That the plaintiff duly offered to return to the defendant that part of said material which its said customer, the said L. R. Wallace, had refused to accept and which was inferior to said 'dried beet pulp' and unequal to the samples and unfit and unpalatable as a stock food, and demanded of the defendant the shipping directions and information as to where the same should be shipped, but that the defendant refused to accept the same or to furnish such shipping directions, whereupon a large part of the said material remained at the point of delivery and was thereafter destroyed by fire, and another part thereof was sold by the plaintiff at the best price obtainable, all of which happened prior to the 15th day of April, 1907."

The evidence shows that, after some of the food had been delivered and had proved unsuitable, defendant did write such a letter as is above set forth, and that plaintiff frequently, but unsuccessfully, asked for shipping directions in order to make return, but that defendant refused to give such directions. The defendant's contention is that, even if the original sale was by sample, the complaint and the evidence show that there was afterwards substituted a contract of the character known as "sale and return," under which, as it is claimed, the plaintiff was bound, in order to recoup any part of the purchase price, to make an actual

return of the rejected goods to the seller. There is nothing in the complaint, or in the proofs, as we read them, to justify the claim that the plaintiff ever consented to substitute one form of contract for another. As had been said, the complaint set forth, and the evidence established, a complete case of a sale by sample. This established an express warranty by defendant that the bulk of the material would be equal in kind and quality to the sample (Henry & Co. v. Talcott, 175 N. Y. 385, 67 N. E. 617), and in such case retention of the goods after inspection, or even after knowledge of the defects, does not bar an action for breach of warranty (Staiger v. Soht, 116 App. Div. 874, 102 N. Y. Supp. 342, affirmed 191 N. Y. 527, 84 N. E. 1120; Cafre v. Lockwood, 22 App. Div. 11, 47 N. Y. Supp. 916). The plaintiff, when the goods proved to be unequal to sample, had the option to return them or offer to return them, and sue for the purchase price which he had already paid, or to keep them and sue for his damages for the breach of warranty.

Nor does it bar the plaintiff's right to recovery that it sorted out the goods, and sought to return only such as failed to come up to sample. Gilbert v. Alton, 88 App. Div. 62, 84 N. Y. Supp. 682. This was evidently done in a laudable attempt to reduce the damages as far as possible. Indeed, the correspondence between the parties shows a continuous and consistent effort on plaintiff's part to make the damages as small as possible, and a growing indisposition on defendant's part, after it had sold the goods and received the purchase price, to meet its liability on account of the defective quality of the goods. It was the plaintiff's right and duty to reduce the damages as much as reasonably possible, and it is not to be prejudiced because it sought to fulfill this duty. It was not incumbent upon plaintiff to actually return the rejected goods at its own cost. It was sufficient that it offered to return them. Gilbert v. Alton, supra. The most that can be said about the complaint is that it was drawn in a twofold aspect. It may be that defendant could, by proper motion, timely made, have compelled the plaintiff to separately state the two causes of action, but, even then, as now, the plaintiff would be entitled to recover upon either cause of action sustained by the proofs. In truth, the defendant's offer to accept a return of the rejected and defective goods created no new contract, and it thereby assumed no obligation that it was not bound to assume, if plaintiff elected to make return. We are therefore of the opinion that it was error to dismiss the complaint. Whether or not judgment should have been entered upon the verdict depends upon the question whether or not the court committed reversible error prejudicial to the defendant; for, as has been said, the evidence fully sustained the verdict. The counsel for the respondent calls our attention to certain alleged errors which we have examined. The rulings excepted to are either free from error, or cannot reasonably be presumed to have affected the verdict. A letter written to plaintiff by the dealer to whom the feed was sold was properly admissible as evidence of rejection, and the court was careful to limit its effect and to instruct the jury that they must not consider the statements contained therein as to the bad quality of the goods, which, indeed, was amply established by other

unexceptionable evidence. The other exceptions do not require comment.

It follows that the order and judgment appealed from must be reversed, and judgment directed for the plaintiff upon the verdict, with costs to the appellant in this court and in the court below. All concur.