ATLANTIC COAST LUMBER CORPORATION v. McCALDIN BROS. CO.

(Supreme Court, Appellate Term. May 27, 1912.)

SALES (§ 261*)—WARRANTIES—WHAT CONSTITUTES.

Where the seller of box bark strips stated that they were the usual run of such strips, except that they were weatherbeaten at the ends, and that they were better than others that had been purchased by the defend-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant, those statements did not constitute a warranty, which would entitle the defendant to accept the strips, and in an action for the price set up as a partial defense a breach of the warranty, because of defects discoverable upon inspection; the defendant's only rights under these statements being to reject the strips upon inspection.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 727–735; Dec. Dig. § 261.*]

Appeal from City Court of New York, Trial Term.

Action by the Atlantic Coast Lumber Corporation against the McCaldin Bros. Company. From the judgment, plaintiff appeals. Reversed and remanded.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Conway, Williams & Kelly, of New York City (D. Theodore Kelly and F. Ferris Hewitt, both of New York City, of counsel), for appellant.

Ralph James M. Bullowa, of New York City, for respondent.

PAGE, J. The action was to recover $755.17, the agreed price of certain lumber sold and delivered by the plaintiff to the defendant. The defendant admitted that it had used one-third of the lumber, but claimed the right to reject the remainder, and pleads as a defense to this action that the plaintiff warranted the lumber to be merchantable and fit for use, and as good, if not better, than the lumber heretofore delivered by the plaintiff to the defendant, which they allege it was not, and that the lumber delivered was worth $550 less than it would have been had it been as represented. The jury found a verdict for the plaintiff for the sum of $250.

Mr. McCaldin testified that the plaintiff's salesman came to his office and said—

"that he had 150,000 feet in the dock of box bark strips which he would let me have for $10 a thousand feet, which was much below the market value, and the only thing that was the matter with them was that they were weatherbeaten at the ends, the usual run of box bark strips. * * * I had purchased box bark strips from him before. He said that this was better than the others—it was a better lot of strips than we had before."

Conceding that the salesman made these statements, they were mere descriptions, and, as the alleged defects were patent and discoverable upon inspection, if defendant desired to repudiate the sale, it should have rejected them; but in this case it accepted the lumber and used a part. There was no warranty that would survive acceptance. Staiger v. Soht, 116 App. Div. 874, 102 N. Y. Supp. 342, affirmed 191 N. Y. 527, 84 N. E. 1120, and cases there cited. The case was submitted to the jury on an erroneous theory and proper exception was taken.

The judgment is therefore reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes