# THE

# NEW YORK SUPPLEMENT

## VOLUME 136

---

ROSEN et al. v. F. W. WOOLWORTH CO.

(Supreme Court, Appellate Term. June 21, 1912.)

1. SALES (§ 288*)—SALE BY SAMPLE—WARRANTY BREACH—RIGHT OF ACTION.
    The cause of action for breach of the express warranty on which goods are sold, that they will correspond to sample, is unaffected by acceptance of the goods or payment therefor, so that admission of evidence of payment for goods delivered, for the express purpose of showing waiver of such a breach, is error.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 817–823;. Dec Dig. § 288.*]

2. SALES (§ 441*)—BREACH OF WARRANTY—DAMAGES—EVIDENCE.
    Testimony that the goods were of no value to the purchaser, that he would not buy them at any price, and that they had no value for the purpose for which they were obtained, coupled with an offer to return, is sufficient evidence of their nonmerchantability to warrant recovery of the entire purchase price for breach of warranty that they would correspond to sample.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1277–1283; Dec. Dig. § 441.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Bernard Rosen and another against the F. W. Woolworth Company. From a judgment for plaintiffs, after a trial without a jury, defendant appeals. Reversed, and new trial ordered.

Argued June term, 1912, before SEABURY and BIJUR, JJ..

Reed & Pallister, of New York City (Frank R. Greene, of New York City, of counsel), for appellant.

Brown, Boskey & Braun, of New York City, for respondents.

BIJUR, J. Plaintiffs sue for the purchase price of certain goods delivered to defendant. Defendant counterclaims for breach of warranty. The goods were admittedly sold by sample, and the question of fact in the case was whether they corresponded with the samples. Defendant's manager testified that they did not. Plaintiffs' testimony

---

*For other cases see same topic & § NUMBER in Dec. & Am.. Digs. 1907 to date, & Rep'r Indexes

136 N.Y.S.—1

to the contrary was of a rather indirect character; their former salesman, who had taken the samples to defendant, not being produced as a witness, nor his absence explained. Indeed, the identity and the whereabouts of the samples were left in some doubt, or, at least, in serious dispute. Objections to the testimony of a female clerk of defendant, in this regard, might have availed, if properly made; but they were too indefinite to be sustained.

[1] In this critical state of the evidence, plaintiffs' counsel was permitted to introduce in evidence proof, by one of the plaintiffs, of payment by defendant for several lots of the goods delivered, and when objection was made by defendant's counsel to such evidence as incompetent, immaterial, and irrelevant, and on the further ground that the parties had stipulated as to payments made, the evidence was admitted, as claimed by plaintiffs' counsel, "not only as to testing the credibility of the defendant's witness, but also as *showing a waiver.*" This evidence was, in any event, unnecessary as bearing on the question of the amount of recovery involved, since that had been covered by a stipulation; but it was admitted expressly for a purpose which compels the conclusion that material error was committed by the learned trial judge. These goods having been sold upon the express warranty that they would correspond with sample, the cause of action for breach of warranty was not affected in any way by acceptance or payment. Brigg v. Hilton, 99 N. Y. 517, 3 N. E. 51, 52 Am. Rep. 63; Larrowe Milling Co. v. Lyons B. Sugar Ref. Co., 137 App. Div. 732, 122 N. Y. Supp. 567.

[2] Plaintiffs claim that defendant failed to give adequate proof of damage applicable to the case at bar by failure to show the value of the goods as delivered. Defendant's manager testified that the goods were of no value to the defendant, and that he would not buy them at any price, if they were offered to him. Another expert said that the material had no value in a boy's suit at all. In Brigg v. Hilton, 99 N. Y. 517, 3 N. E. 51, 52 Am. Rep. 63, substantially such evidence as to nonmerchantability was held to be sufficient to sustain a recovery of the entire purchase price. Moreover, in this case the defendant has evidenced its good faith in this respect by offering to return the goods to plaintiffs.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

SEABURY, J., concurs.