[No. 9,331. Department Two.—August 28, 1884.]

A. M. CRITES, RESPONDENT, v. J. H. WILKINSON AND C. L. MULLER, APPELLANTS.

PARTNERSHIP— SALE BY ONE PARTNER IN FRAUD OF COPARTNER— PURCHASER IN GOOD FAITH.— Where a partnership is formed for the purpose of dealing in cattle, and one partner sells the whole property of the firm in fraud of the rights of his copartner, a purchaser in good faith does not become a tenant in common with the other partner, but acquires title to the whole property.

APPEAL from a judgment of the Superior Court of Kern County.

The facts are stated in the opinion of the court.

*Peck & Mahon*, and *S. Solon Holl*, for Appellants.

*Rufus E. Arick,* for Respondent.

MYRICK, J. — The complaint avers a copartnership between plaintiff and defendant Wilkinson, for the purpose of dealing in cattle, and the ownership by them of sixty-five head of cattle. It is also averred that the defendants Wilkinson and Muller entered into a conspiracy for the purpose of depriving plaintiff of his interest in the copartnership property; that Wilkinson made a pretended sale of the said property to Muller, and that the defendants are fraudulently conspiring against plaintiff and endeavoring to prevent him from having access to the property, and to deprive him of his interest therein.

The court found that forty-six head of cattle belonged to the copartnership, and that Wilkinson made a pretended sale of the entire band and of the brand to Muller; that such sale only transferred to Muller the interest of Wilkinson in the property, although Muller believed that Wilkinson had the right to sell the whole; and that since the sale the plaintiff and Muller are equally interested in the property. As conclusions of law the court found that the sale dissolved the partnership, and that plaintiff and Muller are equally interested in the property as tenants in common, and thereupon, on the 12th of July, 1883, judgment was rendered in favor of defendants for costs.

Subsequently, on the 10th of November, 1883, and without other proceedings, the court caused another judgment to be entered, by which it was adjudged that plaintiff and defendant Muller were equally interested in the forty-six head of cattle, as tenants in common, and that the defendants recover costs. This last judgment is appealed from.

Without passing on the right of the court to enter the second judgment, the first not being set aside or reversed, we are of opinion that the second judgment is erroneous. The court found that while Wilkinson acted in bad faith in selling, Muller acted in good faith in purchasing; that is, he believed Wilkinson had the right to sell. The partnership was formed for the purpose of dealing in cattle; either partner was the agent of the firm (§ 2429, Civ. Code), and might sell the whole (§ 2430, subd. 3, Civ. Code), the property being merchandise. If Wilkinson acted in bad faith, plaintiff had his remedy against him; but

the purchaser would be protected.  Upon the facts as found, the court was in error in adjudging that Crites and Muller were equally interested in the property.

The judgment appealed from is reversed, and the court below instructed to render judgment for defendants on the findings.

THORNTON, J., and SHARPSTEIN, J., concurred.