[No. 9,492. Department Two.—December 11, 1884.]

C. L. MULLER, APPELLANT, v. SOLOMON JEWELL ET AL., RESPONDENTS.

REPLEVIN — VERDICT — JUDGMENT.— In an action to recover the possession of certain personal property, and for damages for its detention, when the answer denies all the material averments of the complaint, a verdict for the defendant for one-half of the property, which is silent as to the other half, does not respond to the issues, and is a nullity, and any judgment entered thereon should be set aside.

APPEAL from a judgment of the Superior Court of Kern County.

The facts are stated in the opinion of the court.

*Peck & Mahon,* and *S. Holl,* for Appellant.

*R. E. Arick,* for Respondents.

THORNTON, J.—This is an action to recover possession of fifty head of cattle, and for damages for the detention thereof. Issue was joined on all the material averments of the complaint. The cause was tried by a jury, and they returned the following verdict:

" We, the jury, find in favor of the defendants for one-half of the G O cattle."

The verdict did not respond to the issues joined in the cause. The verdict was in favor of the defendants for one-half of the cattle sued for, and was entirely silent as to the other half. Assuming that the plaintiff was entitled to a verdict for the other half, the jury did not by its verdict say so.

On this verdict a judgment was rendered in favor of the defendants, for one-half of that certain brand of cattle known as the G O brand, now in the county of Kern, State of California, and for costs amounting to $164.57.

On what theory this judgment could be entered on such a verdict, we cannot perceive. The jury should have been directed by the court, on its own motion, to retire and find as to the other half of the cattle sued for. (C. C. P., § 619.) The verdict, in failing to respond to the issues raised by the pleadings, was a nullity, and should have been, after the discharge of the jury, so regarded by the court. For the foregoing reasons the judgment should not be allowed to stand.

Inasmuch as this court has passed on the appeal in *Crites* v. *Muller and Wilkinson,* 65 Cal. 559, so that the judgment in that case can be pleaded by supplemental answer on the return of this cause to the court below, we will say nothing as to the points made upon the rulings by the court, admitting in evidence the judgment-roll in the case above mentioned.

Judgment reversed, and cause remanded for a new trial.

MYRICK, J., and SHARPSTEIN, J., concurred.