ATLANTA MACH. WORKS v. FELTHOUSEN.   (No. 81/52.)

(Supreme Court, Appellate Division, Fourth Department.   March 3, 1915.)

SALES (§ 420*)—DIRECTING VERDICT.

In an action for breach of a contract for sale of steel castings of certain tensile strength, which the purchaser returned as not according to contract, where defendant denied the breach and sought to recover the price, whether the goods were according to contract, and whether the plaintiff accepted the same, should have been submitted to the jury.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1202; Dec. Dig. § 420.*]

Appeal from Trial Term, Erie County.

Action by the Atlanta Machine Works against Edward S. Felthousen. From a judgment for defendant, and from an order denying plaintiff's motion for a new trial, plaintiff appeals. Reversed, and new trial ordered.

See, also, 150 N. Y. Supp. 1074.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Charles W. Strong, of Buffalo, for appellant.
F. C. Slee, of Buffalo, for respondent.

PER CURIAM. The plaintiff seeks to recover damages for the defendant's failure to make and furnish steel castings of a certain kind and tensile strength; plaintiff contending that such as were furnished were not up to the requirements of the contract and returned them. The defendant contends to the contrary, and seeks to recover the contract price. A verdict was directed for the defendant for the full amount claimed and interest.

We are of the opinion that upon the evidence questions of fact were presented, which should have been submitted to the jury, namely: (1) Whether the castings were up to the requirements of the contract; (2) and, if not, whether the plaintiff accepted the same, so as to preclude it from returning them.

The plaintiff contends that the castings were not of steel and did not have the tensile strength required by the contract; that it had no knowledge of such deficiencies when it received the castings, and did not learn of such deficiencies until some time thereafter.

If the plaintiff acted with reasonable promptness and diligence in ascertaining these deficiencies, and the castings were in fact deficient, and notice of its refusal to accept the same given within a reasonable time to the defendant, the plaintiff made out its case for the recovery of such damages as it had sustained resulting from the breach of the contract.

We are of the opinion that these were questions of fact under the evidence, and should have been submitted to the jury. Tompkins v. Lamb, 121 App. Div. 366, 106 N. Y. Supp. 6; Wegner Machine Co. v. Taylor, 143 App. Div. 704, 128 N. Y. Supp. 309.

The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes