Argued July 15, reversed and remanded October 7, motion to retax costs disallowed November 12, 1924.

## F. L. TOU VELLE v. FARM BUREAU CO-OP. EXCHANGE.

(229 Pac. 83; 229 Pac. 1103.)

**Damages—Where Amount of Recovery Determined by Contract, It Should not be Left to Jury.**

1. As general rule, where amount of recovery if any, is measured by terms of contract, question of amount, as distinguished from right of recovery, should not be left to jury.

**Trial—Instructions Given Without Objection Become Law of Case, and Verdict Should be Set Aside, Where not Complied With by Jury.**

2. Instructions given without objection or exception become law of case, and it is legal duty of jury to comply therewith, and court should set aside verdict for failure to do so.

**Trial—Refusal to Set Aside Compromise Verdict, Where Defendant was Liable for Whole of Contract Price or not at All, Held Error.**

3. In action for price of wheat sold, where fact of delivery only was in issue, and jury were instructed to return verdict for contract price, if at all, it was error for court to refuse to set aside a compromise verdict for one half of contract price.

### ON MOTION TO RETAX COSTS.

**Costs—Transcript of Testimony Held Necessarily Part of Record and Properly Taxed as Costs of Appeal.**

4. Transcript of testimony was necessarily part of record in order to review ground for new trial that evidence was insufficient to justify verdict, and expense of transcript was properly taxed as costs of appeal, under Section 566, Or. L., as amended by Laws of 1921, page 621.

---

See 13 C. J., § 1017; 29 Cyc., p. 819; 38 Cyc., pp. 1525, 1891.

From Jackson: F. M. Calkins, Judge.

Department 2.

This is an action based upon a contract of sale by plaintiff, and purchase by defendant of 743.5 bushels of wheat at the agreed price of $2.33 per bushel f. o. b. Portland, Oregon, which amounted to the price of $2.13 per bushel f. o. b. Medford, Oregon. Plaintiff alleges that the wheat contracted for was delivered to the defendant and demands judgment for a balance of the purchase price, amounting to $786.28. A verdict was rendered in favor of plaintiff for $393.14. From a resulting judgment defendant appeals. Reversed and Remanded.

For appellant there was a brief over the names of *Messrs. Newbury & Newbury* and *Mr. C. M. Thomas*, with an oral argument by *Mr. Don. R. Newbury*.

For respondent there was a brief and oral argument by *Mr. G. M. Roberts*.

BEAN, J.—There is an issue raised by the pleadings as to the delivery of the wheat by the plaintiff in accordance with the contract, and testimony was introduced *pro* and *con* upon that issue. There was no issue upon the trial, and no dispute between the parties to this cause as to the terms of the contract respecting the amount and price of the wheat covered by the contract, and no question of fact concerning them for the jury to decide.

It was agreed between the parties that the plaintiff deliver to the defendant 753.5 bushels of wheat, which at the agreed price of $2.13 per bushel, amounted to $1,604.96. It was also undisputed that the defendant paid the plaintiff $818.68, leaving a

balance remaining unpaid of $786.28. It was also claimed in the pleadings of defendant and testified in regard to by the respective parties, that the payment of the amount, mentioned by the defendant to the plaintiff, was in full settlement of the plaintiff's demand. Defendant also contended that after making the contract the same was canceled and annulled. The jury failed to find that such settlement had been made or that the contract had been canceled.

The issues in regard to the cancellation of the contract and the settlement of the controversy between the parties were submitted to the jury under proper instructions to which no objections were made. The court instructed the jury, after calling their attention to the form of the verdict, as follows:

"Now, if you find for the plaintiff you will fill in the amount of his recovery, which would be $786.28."

After the jury had retired and deliberated for some time and, not being able to agree upon a verdict, by their foreman, they made the following inquiry of the court:

"Would it be possible for the jury to make a compromise in the matter of damages or must we find the total amount $786.28 named in the complaint for the plaintiff or else nothing. Think a verdict could be reached on compromise but not otherwise."

In answer to the inquiry the court noted on the letter thus: "Reach such verdict as you think is right." As we understand this last information to the jury, they were authorized to reach a just verdict as might be warranted under the prior instructions, the admissions in the pleadings and the evidence in the case. As noted, the jurors returned the verdict for one half of the amount due to the plaintiff on the contract, if there was anything due.

The defendant moved to set aside the judgment and for a new trial on the grounds, among others: (1) Insufficiency of the evidence to justify the verdict and that it was against the law. (2) The verdict of the jury and the judgment of the court were not in accordance with the law applicable to the pleadings. (3) Misconduct of the jury in dividing the amount they were instructed to return in favor of the plaintiff, if they found for plaintiff and returning verdict for one half thereof.

1. It is contended on behalf of the defendant that the compromise verdict rendered in the case is invalid, and not supported by any evidence; that the verdict should be based upon and consistent with the issues in the case and be decisive upon the point at issue. The defendant cites and relies upon, among others, the following authorities: 1 Brickwood-Sackette Trial by Jury and New Trials, § 274; 38 Cyc. 1925, and cases cited under notes 72–74; *Falkenberg* v. *O'Neill,* 88 N. Y. Supp. 378; *Holt* v. *Van Eps,* 1 Dak. 206 (46 N. W. 689); *Muller* v. *Jewett,* 66 Cal. 216 (5 Pac. 84); *Moore* v. *Moore,* 67 Tex. 293 (3 S. W. 284); *Patterson* v. *United States,* 2 Wheat. (15 U. S.) 221 (4 L. Ed. 224, see, also, Rose's U. S. Notes); *Walter A. Wood Mow. & Reap. Mach. Co.* v. *Hancock,* 4 Tex. Civ. 302 (23 S. W. 384). As a general rule, where the amount of recovery, if any, is measured by the terms of the contract, the question of amount, as distinguished from that of right of recovery, should not be left to the jury: 13 C. J. 791, § 1017; 29 Cyc. 818; 38 Cyc. 1525.

On the part of plaintiff, it is submitted that a new trial for inadequacy of damages for a breach of contract will not be granted on the application of the party against whom they are awarded: Citing 29 Cyc.

848; *Evans* v. *Koons,* 10 Ind. App. 603 (38 N. E. 350);
*Cormier* v. *Martin Lbr. Co.,* 98 Wash. 463 (167 Pac.
1105); *Ross* v. *Rose,* 109 Wash. 273 (186 Pac. 892);
*Smith* v. *Development Co.* (Tex. Civ. App.), 195
S. W. 220; *Smith* v. *Lee,* 82 Ga. 674 (10 S. E. 201);
*Wright* v. *Griffey,* 44 Ill. App. 115; *Wolf* v. *Goodhue
Fire Ins. Co.,* 43 Barb. (N. Y.) 400 (affirmed in 41
N. Y. 620); *Tompkins* v. *Lamb,* 121 App. Div. 366
(106 N. Y. Supp. 6); *Kelley* v. *Peoples,* 192 Mo. App.
435 (182 S. W. 809).

In the present case, the amount of recovery, which
was measured by the terms of the contract for the
sale of wheat, was not according to the instructions
of the court submitted to the jury, but the jury was
instructed that if they found for the plaintiff, to
find in the amount alleged and admitted to be due
upon the contract, if there was anything due. The
jury, however, failed to observe the instructions of
the court and their verdict was a compromise as to the
amount thereof.

2. It is well settled that the instructions given by
the court to the jury, without objections or exceptions
thereto, become the law of the case, and it is conse-
quently the legal duty of a jury to comply with such
instructions and if they fail to do so the court may
set aside the verdict: 20 R. C. L. 272, § 55. Accord-
ingly it is the general rule that where the court in-
structs the jury as to a specific amount of a party's
liability, if he is found to be liable at all, and the
jury disregards the instructions and brings in a
verdict for a different amount, it is the duty of the
court to set aside the verdict and grant a new trial:
See note to *Stetson* v. *Stindt,* 23 A. L. R. 305, and
authorities there cited. The syllabus to *Stetson* v.
*Stindt,* 279 Fed. 209 (23 A. L. R. 302), reads as
follows:

"To refuse a new trial where the jury awards less damages than instructed to do by the court, without evidence to support their action, is reversible error, although the error is in favor of the complaining party."

There is more contrariety of opinion in regard to the question as to whether or not the party against whom a verdict is rendered for an amount less than that instructed by the court, or less than admitted by the pleadings, without evidence to support their action, than in regard to the other features of the case. It will be seen from an examination of the cases cited by plaintiff that in some of the cases it is held that the question as to the insufficiency of the amount of the verdict cannot be raised by the party against whom the verdict is rendered. The question is not one of first impression in this state.

In *McIntosh Livestock Co.* v. *Buffington,* 108 Or. 358 (217 Pac. 635), which was an action for the possession of certain sheep, the value of which was alleged in the complaint to be $7 per head and in the answer approximately $11 per head, and there was no evidence that they were worth less than $7. The court charged the jury to the effect that they could place a value upon the sheep less than that admitted by the pleadings, and that thereupon the plaintiff would have the option whether to return the sheep or to pay the value as fixed by their verdict. The jury returned a verdict in favor of the defendant, assessing the value of the sheep at $6 per head. Plaintiff appealed from the judgment.

In an opinion by Mr. Justice Rand, it was held as follows (see 108 Or. 367 [217 Pac. 638]):

"As long as the sheep were to be assessed at their true value the jury were unable to agree upon any

112 Or.—31

verdict, but when an arbitrary valuation of $6 per head was placed thereon, nine members agreed upon the verdict, to which it is evident they would not have agreed if the sheep had been assessed at their true value. Hence it is apparent that the verdict was reached solely through the misdirection of the court in charging the jury to the effect that, in disregard of the evidence and of the pleadings, they could place a value upon the sheep less than that admitted by the pleadings, and that thereupon the plaintiff would have the option whether to return the sheep or to pay the value as fixed by their verdict.''

And because thereof the judgment was reversed.

3. It is not enough to say that the defendant is not in a position to complain for the reason that he has not been injured on account of the insufficiency of the verdict. His rights were prejudiced by his being deprived of the right to have the jury determine whether he was liable on the contract in question under the law, as laid down by the court in the original instructions to the jury. In other words, there was no evidence to support a verdict of $393.14: Thompson on Trials (2 ed.), § 2606. It is apparent from the record that nine of the jurors would not have found that the defendant was liable on the contract for the sale of wheat, unless the amount of the verdict had been reduced one half. Whether the verdict was in violation of the instructions of the court, or whether the later charge of the court authorized the jury to find a verdict for less than the amount admitted to be due upon the contract, if there were anything due, would not change the matter, as in either event it would be an error. Upon principle and we think, in accordance with the weight of authority, it was error for the court to refuse to set aside the verdict.

In addition to the above authorities see *Bigelow* v. *Garwitz*, 61 Hun, 624 (15 N. Y. Supp. 940); *British Emp. Ins. Co.* v. *Hasenmayer*, 90 Or. 608 (178 Pac. 180). In *Bressler* v. *McVey*, 82 Kan. 341 (108 Pac. 97), the syllabus reads:

"Where the sole question submitted to a jury is whether the plaintiff is entitled to recover upon a contract, and there is no dispute concerning the amount, nor any basis for a finding that the defendant owes a less sum than that claimed, a verdict for half the amount should not be received, and, if received, should be set aside as contrary to the evidence at the instance of either party."

See, also, *Patterson* v. *United States*, 2 Wheat. (15 U. S.) 224 (4 L. Ed. 224, see, also, Rose's U. S. Notes).

It follows that the judgment of the trial court must be reversed and the cause remanded for a new trial. It is so ordered. REVERSED AND REMANDED.

McBRIDE, C. J., and BROWN, J., concur.

---

Motion to retax costs disallowed November 12, 1924.

## ON MOTION TO RETAX COSTS.

(229 Pac. 1103.)

*Mr. G. M. Roberts*, for the motion.

*Messrs. Newbury & Newbury* and *Mr. C. M. Thomas, contra.*

BEAN, J.—4. The respondent objects to the item of $72 for transcript of evidence contained in the cost bill of appellant for the reason that same is not al-

lowed by law, and asks that the costs be retaxed. Counsel for appellant resist the motion.

It appears from the record that the trial court made an order attaching the transcript of the testimony to the bill of exceptions, as constituting a part thereof; that the defendant filed a motion for a new trial, basing the same on "insufficiency of evidence to justify a verdict returned and the judgment entered, and that it is against the law." For a proper consideration of the case by this court, it was necessary that the transcript of testimony should be a part of the record of the cause, otherwise it would be impossible to say whether the verdict was contrary to or not supported by the evidence.

Section 566, Or. L., as amended by Chapter 322, General Laws of Oregon, 1921, page 621, provides as follows:

"Section 1. When costs are allowed to the prevailing party on appeal to the supreme court the appearance fees, trial fees, attorney fees, as provided by law; the necessary expenses of transcript or abstract, as the law or rules require; the printing required by rule of the court, and the transcript of testimony or other proceedings, when necessarily forming part of the record on appeal, shall be taxed in the supreme court as costs of the appeal."

As the transcript of the testimony in the case was necessarily a part of the record, the objection of the respondent to the item of $72 for the transcript is overruled, and the motion to retax the cost is disallowed.                    Motion Disallowed.

McBride, C. J., and Brown, J., concur.