[L. A. No. 13553.   In Bank.—March 22, 1935.]

AMERICAN STATES PUBLIC SERVICE COMPANY (a Corporation), Respondent, v. JOHN C. RATH, Appellant.

'Albert Sidney Brown and Knight & Reynolds for Appellant.

Paul Overton and W. C. Kennedy for Respondent.

SHENK, J.—Appeal from a judgment for the plaintiff. The plaintiff sued to recover sums alleged to have

been retained by the defendants as secret profits in transactions in which it was alleged the defendants were the agents of the plaintiff. The complaint was in two counts. In the first count it was alleged that the defendants, as agents of the plaintiff, received the sum of $675,000 for the purpose of purchasing the issued and outstanding stock of Southern California Utilities, Inc., for the plaintiff's account, and that in fact but $500,000 was paid for said property; that the defendants retained the difference of $175,000 for their own account, which sum was due and owing to the plaintiff and remained unpaid. In the second count the plaintiff alleged a conspiracy between the defendants Rath and Gillelen to defraud the plaintiff of said sum of $175,000. The plaintiff prayed judgment for the sum of $175,000.

Upon the trial it appeared that Rath came to southern California in 1928 for the purpose of negotiating for the purchase of public utilities for his principal, the plaintiff. Rath met the defendant Gillelen who introduced him to a Mr. Nicholson, the owner of Southern California Utilities, Inc. In the final negotiations for the purchase of the stock from Mr. Nicholson by the plaintiff, two transactions were consummated: An agreement between Gillelen and Rath that the latter's principal would pay $650,000 for the utility, and a separate agreement between Gillelen and Nicholson that Nicholson would accept $500,000 as the full purchase price. The plaintiff furnished the sum of $650,000 as the purchase price, which was paid to Gillelen. Gillelen paid $500,000 to Nicholson, and the plaintiff became the owner of the utility. In addition, on Rath's representation that Gillelen was the "agent" in the transaction and at Rath's request, the plaintiff paid to Rath $25,000 to be paid as a commission to Gillelen. The evidence amply supports the conclusion of the jury that that sum was retained by Rath and that evidence was manufactured by the defendants to create the appearance that the sum was paid to Gillelen.

Upon disclosure of the facts at the trial it was questioned whether the plaintiff would be entitled to recover both sums, i. e., the sum of $150,000 "secret profit", and the sum of $25,000 commission. It was argued that if Gillelen was an independent broker in the transaction and made a profit he was entitled to retain it, in which event the plaintiff could recover only the sum of $25,000 paid as a "commission";

but if Gillelen was in fact an agent, he would be entitled to retain only the $25,000 commission, and the plaintiff should recover the larger sum of $150,000. Accordingly the plaintiff was granted permission to amend the complaint "to conform to the proof", by substituting for the figures $175,000, wherever they appeared in the complaint, the sum of $150,000. The jury returned a verdict for the plaintiff against both defendants for the sum of $25,000. The defendant Rath alone appealed.

The main ground of the appeal is that the verdict is not responsive to the issues and that, pursuant to the principles enunciated in *Muller* v. *Jewell,* 66 Cal. 216 [5 Pac. 84], *Driscoll* v. *Cable Ry. Co.,* 97 Cal. 553 [32 Pac. 591, 33 Am. St. Rep. 203], *Gundry* v. *Atchison, T. & S. F. Ry. Co.,* 104 Cal. App. 753, 764 [286 Pac. 718], and similar cases, the only verdict possible under the issues framed by the pleadings was a verdict for the plaintiff for $150,000. The cases cited govern to the extent that if the only sum which the plaintiff could recover under the issues and the proof was the sum of $150,000, then the jury by its verdict of $25,000 sought merely to equalize the financial conditions and the defendant would be entitled to a reversal. But that is not the state of the record before us. If possible, the inferences and intendments are to be drawn which will support the judgment. It is a fair inference from the record that the amendment of the complaint served merely to reduce the figures to the highest possible sum which under the proof the plaintiff could recover, and that the plaintiff did not waive any right to recover the smaller sum of $25,000 if the jury should find that the greater sum of $150,000 was rightfully retained by the defendant Gillelen. Evidence was introduced on both theories, and the evidence supports the verdict on the alternate theory that the defendant Gillelen was not the agent of the plaintiff, but was an independent broker, and that the defendants conspired to retain the additional sum of $25,000 without right. The appellant concedes that if that issue was left in the case, the decisions relied upon do not apply.

We conclude that the verdict was responsive to the issues. There was no error in the rulings of the trial court.

The judgment is affirmed.

Preston, J., Langdon, J., Curtis, J., Thompson, J., Seawell, J., and Waste, C. J., concurred.