Argued November 7, 1973, affirmed February 14, 1974

STEVENS ET UX, *Appellants, v.* HAY ET UX, *Respondents.*

519 P2d 1040

*James H. Clarke,* Portland, argued the cause for appellants. With him on the brief were Dezendorf, Spears, Lubersky & Campbell, Wayne Hilliard, Anthony J. Barker and Laurence F. Janssen, Portland.

*Gerald R. Hayes,* Portland, argued the cause and filed a brief for respondents.

Tongue, J., did not participate in this decision.

DENECKE, J.

Plaintiffs brought this suit to enjoin the defendants from releasing into the air particulates which were carried onto plaintiffs' property. Plaintiffs alleged that these particulates caused them to become ill and asked for damages because of their illness. The trial court ordered a limited injunction and awarded nominal damages. Plaintiffs appeal.

Plaintiffs, husband and wife, and their two children, ages eight and ten, live in a beach resort community where plaintiffs operate a restaurant and small motel. Adjoining plaintiffs' operation, on the beach to the north, defendants operate a larger motel. The defendants vacuum the motel by a central vacuum system. Defendants also operate a laundry for the motel. Plaintiffs charged that particulates from chemicals used in laundering and fibers, animal hairs and dust were discharged either from the ventilation stack of the laundry, or from the discharge vent of the vacuum system, or from both; that these particulates drifted into the plaintiffs' living quarters; and that these particulates either caused allergy symptoms in members of plaintiffs' household or exacerbated existing allergy symptoms.

After a hearing upon a motion for a preliminary injunction the trial court found that dust from defendants' vacuum did come onto plaintiffs' property. The trial court enjoined the defendants from exhausting vacuum sweepings into the open air.

After the trial in the principal case the trial court found that defendants had discontinued exhausting the vacuum system into the outside air, and now exhausted it into a closed room. It further found that while this change did not completely stop the emission

of particulates, the emission did "not appear to be of significance at this time." The court continued the injunction prohibiting the discharge of the vacuum system into the open air.

The trial court found that those members of plaintiffs' household who had allergy symptoms were allergic to substances found almost everywhere, such as common house dust. It further found that plaintiffs failed to prove that the bronchial asthma condition complained of was caused by defendants' laundry or vacuum system. This last finding is the one plaintiffs particularly contend is gross error.

This was tried as a suit in equity and, therefore, in this court we try the cause de novo. However, we have repeatedly held that in trying an appeal de novo we give "great weight" to the trial court's findings; or we consider such findings "persuasive" or "entitled to consideration." *Friesen v. Fuiten,* 257 Or 221, 227, 478 P2d 372 (1970); *Mohr v. Lear,* 239 Or 41, 48, 395 P2d 117 (1964).

In attempting to persuade us to overrule the trial court's findings, the plaintiffs rely heavily upon the uncontradicted testimony of a well-qualified allergist and a well-qualified toxicologist. However, in the case of both, particularly the toxicologist, their testimony is substantially based upon histories given by plaintiffs and members of their household and upon the reports and samples of a witness who could be termed a pollution engineer or investigator. The trial court reasonably could have found the histories were incorrect in material respects. It also reasonably could have discounted at least some of the findings of the pollution investigator.[1] The trial court was in a better position

---

[1] By so stating we are not casting aspersion upon the testimony of these witnesses.

than this court to weigh at least some of the evidence because it made a detailed inspection of the premises. *City of Portland v. Ruggero,* 231 Or 624, 630-631, 373 P2d 970 (962). Because of these circumstances we are persuaded by the trial court's findings and likewise find that the plaintiffs failed to prove that the bronchial conditions which affected some of the members of plaintiffs' household were caused by emissions from defendants' operation.

Affirmed.