Argued October 8, affirmed October 21, 1976

# MIKKELSON, *Respondent,*

## *v.*

# DALY et al, *Appellants.*

555 P2d 458

*C. S. Emmons,* of Emmons, Kyle, Kropp & Kryger, Albany, argued the cause and filed a brief for appellants.

*George B. Heilig,* of Thomas & Johnson, Corvallis, argued the cause and filed a brief for respondent.

Before Denecke, Chief Justice, and Holman, Tongue and Sloper, Justices.

PER CURIAM.

## PER CURIAM.

The plaintiff-buyer was awarded $12,500 by the court, sitting without a jury, in this action for breach of an earnest money agreement. The defendants-sellers appeal and contend there was no substantial evidence of damage, and particularly damages in the amount of $12,500. We conclude there was.

The parties do not disagree that the measure of damages is the difference between the sales price and the value of the property. The sales price was to be $12,000. A Mr. Conser testified the value of the property was $25,000. The defendants contend Conser was not testifying to a $25,000 "cash market value," the correct standard, but "the value under the terms of the agreement," which was on terms. The trial court reasonably could have found Conser was testifying to "cash market value." Defendants also attack the credibility of the witness Conser on the ground that he was clearly an interested witness. The witness's credibility was an issue to be determined by the trial court.

Defendants contend the trial court's finding has no basis in the testimony because the difference between $25,000 and the agreed price, $12,000 is $13,000 and the court awarded $12,500. This is accounted for because the plaintiff only prayed for $12,500. However, regardless of the prayer, the trier of fact can properly find the value to be in a lesser amount than was stated in the testimony. *City of Portland v. Ruggero,* 231 Or 624, 629-630, 373 P2d 970 (1962).

Affirmed.